UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVONNE ZARATE,

    Plaintiff,

v.                                                             CASE NO. 8:17-cv-2995-T-23JSS

VOYA INSTITUTIONAL
PLAN SERVICES, LLC,

    Defendant.
_____/

## **ORDER**

After Felipe Zarate's death, his wife Ivonne requested from Voya Institutional Plan Services access to Felipe's individual retirement account. During several decades of employment at ExxonMobil, Zarate purportedly "amassed a significant amount of cash and securities in the [a]ccount." (Doc. 12 at ¶ 14) Voya, which ExxonMobil hired to administer ExxonMobil's retirement plan, allegedly denied Ivonne access to her deceased husband's account for eight months. During the eight months, a decrease in the value of ExxonMobil stock allegedly diminished the value of Felipe's account. Suing (Doc. 12) Voya under ERISA for "breach of fiduciary duty," Ivonne requests damages for the diminution in the value of the ExxonMobil stock. Also, Ivonne claims that Voya breached a fiduciary duty by advising Ivonne

to "liquidate" the account instead of "rolling over" the ExxonMobil stock. Voya moves (Doc. 17) to dismiss for failure to exhaust the administrative process.[*]

## DISCUSSION

A beneficiary of an ERISA plan ordinarily must exhaust the administrative process before suing under ERISA. *Springer v. Wal-Mart Assocs. Grp. Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990). As Voya correctly observes, the complaint fails to allege that Ivonne exhausted the administrative process. Tacitly conceding a failure to invoke and to exhaust the administrative process, Ivonne argues (Doc. 18) that the administrative process cannot resolve a claim under ERISA for breach of a fiduciary duty. But *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325 (11th Cir. 2006), which forecloses Ivonne's argument, holds that a plaintiff who claims a breach of fiduciary duty must invoke and exhaust the administrative process before suing.

Also, Ivonne argues that the administrative process would prove futile. As *Bickley* explains, excusing the exhaustion requirement demands "clear and positive" proof of futility. *Bickley*, 461 F.3d at 1330 (affirming the dismissal of a complaint where the plaintiff's "claim of futility is merely speculative"). For example, evidence of an administrator's deliberate effort to block a beneficiary's access to the administrative process warrants excusing the exhaustion requirement. *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846–47 (11th Cir. 1990). Because Ivonne's speculative belief that Voya or ExxonMobil will deny Ivonne's

---

[*] Because Ivonne failed to exhaust the administrative process, this order declines to resolve Voya's other arguments for dismissal.

breach-of-fiduciary-duty claim fails to show clearly and positively the futility of the administrative process, the motion (Doc. 17) to dismiss for failure to exhaust an administrative remedy is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.  The clerk is directed to close the case.

ORDERED in Tampa, Florida, on March 28, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE